IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22953-KMM

HORACIO R. LEAL,

    Plaintiff/Counter-Defendant,

v.

FRANK BERNARD STEWART, III,

    Defendant/Counter-Claimant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff Horacio R. Leal's ("Plaintiff") Motion for Summary Judgment (ECF No. 20). Defendant Frank Bernard Stewart ("Defendant") filed a Response in Opposition to Plaintiff's Motion (ECF No. 25), and Plaintiff filed a Reply (ECF No. 26). The Motion is now ripe for review. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**

Upon a review of the record, including the exhibits submitted, the following facts are undisputed.[1] On June 27, 2015, the parties entered into a verbal agreement for the sale of Plaintiff's 43-foot Hatteras motor yacht (the "Hatteras") to Defendant for a purchase price of $90,000. The agreement was reached after Defendant and his technician successfully inspected the Hatteras. Defendant tendered a down payment in the amount of $9,000 to Plaintiff, and

---

[1] All facts are construed in the light most favorable to Defendant as the non-movant. Additionally, under the local rules of this Court, all facts set forth in the movant's statement which are supported by evidence in the record are deemed admitted unless controverted by the non-moving party. *See* S.D. Fla. L.R. 56.1.

Plaintiff deposited the amount into his personal account. The parties agreed on a closing date of July 27, 2015 to complete the transaction.

In preparation for closing, Defendant obtained insurance for the Hatteras that would go into effect on the date of the completed sale. Defendant also purchased VHF handheld waterproof radios and carbon monoxide alarms in anticipation of the sale. Additionally, Defendant retained a crew to deliver the Hatteras to his home in Louisiana upon completion of the transaction.

Shortly before the scheduled closing, a dispute over required Coast Guard documentation arose between the parties and the sale was not finalized. Upon Plaintiff's refusal to return Defendant's down payment, Defendant filed a Notice of Claim of Lien to preserve his interest in the Hatteras. Defendant established a Claim of Lien for $23,375 against the Hatteras based upon Plaintiff's failure to produce necessary documents to complete the sale as well as for expenses Defendant incurred. Plaintiff then filed a two-count Complaint in admiralty seeking to extinguish Defendant's Claim of Lien (Count I) and for breach of contract (Count II).[2]

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Additionally, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

---

[2]   The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc*., 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc*., 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.   DISCUSSION**

Plaintiff now moves for summary judgment on Count I of his Complaint. *See* Pl.'s Mot. for Summ. J. (ECF No. 20). Plaintiff asserts that there is no genuine issue of material fact that Defendant is not entitled under the Commercial Instruments and Maritime Liens Act ("CIMLA") to a maritime lien on the Hatteras. Specifically, Plaintiff argues that Defendant has failed to provide a "necessary" to the Hatteras. Defendant argues that Plaintiff's motion is premature and genuine issues of material fact remain regarding the necessaries provided to the Hatteras.

Based on the record evidence, the Court finds that no rational trier of fact could find that Defendant provided a "necessary" to the Hatteras at the direction of Plaintiff. Accordingly, because there is no genuine issue as to any material fact, Plaintiff is entitled to summary judgment.

A. **Applicable Law**

Under the CIMLA, repairers and suppliers of maritime necessaries are entitled to a maritime lien against a vessel. *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 870 (11th Cir.2010); *see also* 46 U.S.C. § 31342. The imposition of a maritime lien allows injured parties "to seek redress directly against the vessel without having to seek compensation from the owner." *Turner v. Neptune Towing & Recovery, Inc.,* No. 8:09-CV-1071-T-27AEP, 2011 WL 4542265, at *2 (M.D. Fla. Sept. 23, 2011). "The theoretical basis for the maritime lien rests on the legal fiction that the ship herself caused the loss and may be called into court to make good." *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913 (9th Cir. 2002). As a maritime lien is deemed to "encumber commerce," *Cianbro Corp. v. George H. Dean, Inc*., 596 F.3d 10, 14 (1st Cir. 2010), it is "disfavored in the law" and construed "*stricti juris*" by courts. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc*., 411 F.3d 1242, 1252 (11th Cir. 2005) (internal citation omitted).

To establish a maritime lien on a vessel pursuant to admiralty law, "a plaintiff must prove: (1) it provided 'necessaries' (2) at a reasonable price (3) to the vessel (4) at the direction of the vessel's owner or agent." *Sweet Pea Marine*, 411 F.3d at 1249. "'Necessaries' includes repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). Courts agree that this list is not exhaustive and that the term "necessaries" should be liberally construed to include "anything that facilitates or enables a vessel to perform its mission or occupation." *Ventura Packers, Inc.*, 305 F.3d at 923; *see also Mullane v. Chambers*, 438 F.3d 132, 137 (1st Cir. 2006); *Bradford Marine, Inc. v. M/V Sea Falcon,* 64 F.3d 585, 589 (11th Cir. 1995); *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 603 (5th Cir. 1986) (en banc) ("Necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged.").

## B.     Defendant Did Not Provide Necessaries to the Vessel as Required By Statute

There is no evidence in the record that Defendant provided "necessaries" to the Hatteras upon Plaintiff's request. Defendant's claims to the contrary fail as a matter of law for three independent reasons. First, a maritime lien requires that the "necessaries" have been "provided on the order of the owner or a person authorized by the owner." 46 U.S.C. § 31342(a). The record is devoid of any factual assertion that Defendant (1) acquired vessel insurance, (2) secured the services of a crew, and (3) purchased radios and carbon monoxide alarms on the order of Plaintiff or someone authorized by Plaintiff. Instead, the record shows that Defendant took these actions, not at Plaintiff's behest, but rather on his own accord.

Second, there is no genuine issue of material fact remaining over whether any of the "necessaries" Defendant allegedly supplied were actually provided *to the vessel.* It is well established "that an essential element of establishing a maritime lien is that the necessaries be either (1) physically delivered to the vessel, or (2) constructively dispatched to the vessel by the handing over of the supplies to the owner or the owner's authorized agent for use on a designated vessel." *Cianbro Corp. v. George H. Dean, Inc.*, 596 F.3d 10, 14 (1st Cir. 2010) (citing *Piedmont & George's Creek Coal Co. v. Seaboard Fisheries Co.*, 254 U.S. 1, 6-7 (1920)); *see also In Re Container Applications Int'l, Inc.*, 233 F.3d 1361, 1366 (11th Cir. 2000). The items (VHF radios and carbon monoxide alarms) Defendant purchased in anticipation of the sale of the Hatteras were never placed aboard the vessel nor given to the owner for use on the vessel.

Finally, it would strain logic to conclude that the items Defendant asserts are "necessaries" are sufficiently similar to those that courts have previously recognized as falling within the broad confines of the term's liberally construed definition. As a threshold matter, what qualifies as a "necessary" must be "determined relative to the requirements of the ship."

5

*Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 603 (5th Cir. 1986) ("Anchors and cables are generally considered to be necessaries, but if the vessel is fully supplied with them, the furnishing of another anchor or cable is not 'necessary.'"). Courts applying this test make "a case-by-case determination considering the function of the particular vessel and the service or goods involved." 1 Thomas J. Schoenbaum, *Admiralty & Marine Law* § 9-3 (5th ed. 2014).

No rational trier of fact could determine that the VHF radios and carbon monoxide alarms Defendant purchased satisfy this inquiry. In fact, Defendant acknowledges he purchased the radios on his own and planned on providing them to Plaintiff so that Plaintiff would not remove the existing radios from the vessel. *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J. (ECF No. 25). Therefore, there is no factual basis to establish that either item is "necessary" for the function and operation of the Hatteras. Defendant's acquisition of insurance under his personal umbrella policy also does not qualify as a "necessary."[3]

Although the above reasoning is dispositive, public policy considerations also support granting Plaintiff's motion. Maritime liens serve an overarching goal of "keeping the channels of maritime commerce open—by ensuring that people who service vessels have an efficient way of demanding reimbursement for their labor and are thus willing to perform the services necessary to keep vessels in operation." *Mullane v. Chambers*, 438 F.3d 132, 138 (1st Cir.2006); *see also Trans-Tec Asia v. M/V HARMONY CONTAINER*, 518 F.3d 1120, 1128 (9th Cir. 2008) (noting that maritime liens serve the "dual purpose of keeping ships moving in commerce while not allowing them to escape their debts by sailing away"). After all, it is the "unique features of

---

[3] Defendant's reliance upon *Equilease* to argue that his anticipatory purchase of insurance for the Hatteras is a "necessary" is misplaced and factually distinguishable. *See Equilease Corp. v. M/V Sampson*, 793 F.2d 598 (5th Cir. 1986). Even if insurance is essential to "keep a vessel in commerce" as the Fifth Circuit held in *Equilease*, Defendant's policy was not effective until the transaction for the Hatteras was completed, which never occurred. In essence, Defendant never provided any insurance coverage to the Hatteras.

maritime commerce" that warrant the establishment of a maritime lien by "those who own, lend to, and repair vessels" as such a lien provides "a significant, clear, and predictable security device." *Crimson Yachts*, 603 F.3d at 871. A transaction between two private parties, for the purchase of a personal watercraft not destined for commercial use, does not fit within this conceptual framework.

### C. Breach of Contract Claim

Count II seeks relief for Defendant's alleged breach of contract. As previously noted, the Court possesses subject matter jurisdiction over this state law claim based on 28 U.S.C. § 1367. The statute also authorizes courts to "decline to exercise supplemental jurisdiction over a claim" where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claim. Count II is therefore dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED.

All other pending motions are DENIED AS MOOT. The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this `14th` day of December, 2015.

                                                       K. MICHAEL MOORE
                                                       CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record